Filed 1/30/26  In re Q.R. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re Q.R. et al., Persons Coming Under the Juvenile Court Law. | |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | D086937 |
| Plaintiff and Respondent, | (Super. Ct. No. J521644) |
| v. | |
| Q.R., | |
| Defendant and Appellant. | |

APPEALS from orders of the Superior Court of San Diego County, Lilys McCoy, Judge.  Affirmed in part, reversed in part, and remanded with directions.

Paul A. Swiller, under appointment by the Court of Appeal, for Defendant and Appellant.

David J. Smith, Acting County Counsel, Lisa M. Maldonado, Chief Deputy County Counsel, and Natasha C. Edwards, Deputy County Counsel, for Plaintiff and Respondent.

MEMORANDUM OPINION

Q.R. (Father) appeals from jurisdictional and dispositional orders concerning his children, contending the juvenile court erred by ordering him to sign releases of information for his service providers. The San Diego County Health and Human Services Agency (Agency) concedes error, and we accept the concession.

In June 2025, the Agency filed juvenile dependency petitions on behalf of the children due to long term exposure to domestic violence incidents between their parents. The Agency's case plan for Father included therapy, a domestic violence program, a parenting education program, a substance abuse program, and substance abuse testing. After the petitions were filed, Father continued participating in therapy that he began prior to this case. He voluntarily enrolled in a drug treatment program, which provided an update and drug test result to the Agency in July 2025. In August 2025, however, Father "suspended" his release of information to the Agency, intending instead to provide necessary documentation directly.

By September 2025, Father had also begun parenting classes. He had not enrolled in domestic violence group, seeking to address domestic violence issues in individual therapy.

Given Father's revocation of his release of information, however, the Agency, was unable to obtain updates regarding substance abuse treatment and individual therapy. Thus, in its jurisdiction and disposition report, the Agency recommended "the parents sign releases of information (ROI's) with the service providers for the Agency to establish communication to obtain updates on the parents' services outlined in the case plan."

At the contested jurisdiction and disposition hearing, the juvenile court made a true finding on the petitions, placed the children with their mother,

and ordered services for both parents, including a domestic violence course for Father. The court also ordered Father to sign releases of information with his service providers based on the Agency's request.

Father contends there was no statutory authority for the juvenile court's order that he sign releases of information, and the Agency agrees. We accept the concession. While the juvenile court has authority to order the parents to participate in services, including counseling, education, and other treatment programs, that authority does not extend to requiring a parent to sign a release of information. (Welf. & Inst. Code, §§ 361.5, subd. (a) & 362, subd. (d).) Indeed, such a requirement may implicate a person's right to privacy under state and federal law. (See Cal. Const. art. 1, § 1; Civ. Code, § 56 et seq. (Confidentiality of Medical Information Act); 42 U.S.C. § 1320d et seq., 45 C.F.R. §§ 160, 164 (Health Insurance Portability and Accountability Act).)

DISPOSITION

The juvenile court's orders requiring Father to sign releases of information are reversed, and the matter is remanded for the juvenile court to rescind those orders. The jurisdictional and dispositional orders are otherwise affirmed.


DO, J.

WE CONCUR:


DATO, Acting P. J.


BUCHANAN, J.

4